UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.:

| | |
|---|---|
| **Patricia Sechi-Capote**, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**Sanitas USA, Inc.**, a for profit Florida corporation, and<br>**Guidewell-Sanitas I, LLC**, a Florida limited liability company,<br><br>Defendants. | CLASS REPRESENTATION |

## COMPLAINT UNDER THE EQUAL PAY ACT

Plaintiff, Patricia Sechi-Capote, and others similarly situated, by and through undersigned counsel, sues Defendants, Sanitas USA, Inc. and Guidewell-Sanitas I, LLC, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the Equal Pay Act of 1963, to recover unpaid wages and other statutory relief based upon the fact that while employed by the Defendants in this case, Plaintiff – who is a woman – was called upon, suffered, and permitted to perform work for which she was compensated less than her male counterparts, notwithstanding the fact that the job functions she was required to perform demanded equal skill, effort, and responsibility, and were performed under similar working conditions.

2. The Plaintiff, and others similarly situated, experienced this unlawful gender-based pay disparity throughout her employment, both when she was employed as a "Director of Operations" from, approximately, December 7, 2020 through October 18, 2021, and when she was

employed as a "Director of Business Development" from, approximately, October 18, 2021 through March 7, 2022, when employment with Defendants ended.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

4. This action is authorized and instituted pursuant to Sections 16(b) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(b), 217, to enforce provisions of the Equal Pay Act of 1963 ("Equal Pay Act"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

5. Defendants' respective principal place of business is within the jurisdiction of the United States District Court for the Southern District of Florida and the place where payroll and human resource decisions are made and/or processed.

## PARTIES

6. Plaintiff Patricia Sechi-Capote is a woman, fifty-nine years of age.

7. From December 7, 2020 through March 7, 2022, Plaintiff Patricia Sechi-Capote (hereafter "Plaintiff" or "Patricia Sechi") worked for a conglomerate of related entities which includes, *inter alia*, Defendant Sanitas USA, Inc., (hereafter "Sanitas USA"), a Florida for-profit corporation, and Defendant Guidewell-Sanitas I, LLC, (hereafter "Guidewell-Sanitas"), a Florida limited liability company which owns the registered fictitious name "Sanitas". Defendants may be jointly referred to hereafter interchangeably as "Sanitas", "Defendants", or "Employer".

8. Defendants hold themselves out as a conglomerated healthcare service provider which originated in Colombia, South America in 1980, expanded to other Hispanic markets in 1994, and further expanded to the United States in 2014, where it now operates healthcare facilities

in Florida, Tennessee, Texas, and New Jersey under the brand name "Sanitas". https://www.mysanitas.com/en/about-us#tab-146 (last accessed May 12, 2022).

9. At all relevant times, "Sanitas", each individually and together as a group, acted directly or indirectly as an employer in relation to employees and have continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, "Sanitas" employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j).

11. At all relevant times, "Sanitas" was an enterprise engaged in commerce or in the production of goods for commerce pursuant to Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

12. At all relevant times "Sanitas" employed Plaintiff Patricia Sechi-Capote.

## ATTORNEY'S FEES

13. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

14. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to applicable provisions of the Fair Labor Standards Act, § 216(b), made applicable by the Equal Pay Act. 29 U.S.C. § 206(d)(3).

## STATEMENT OF FACTS

15. Plaintiff was employed by "Sanitas" from, approximately, December 7, 2020 through March 7, 2022.

16.     **Plaintiff's Tenure as "Director of Operations"**. From, approximately, December 7, 2020 until October 18, 2021, Plaintiff was employed as a "Director of Operations" at a "Sanitas" facility in Nashville, Tennessee.

17.     At the time of her employment, Plaintiff was compensated at a fixed salary rate of $90,000 per year.

18.     Contemporaneously with her employment as a "Director of Operations", "Sanitas" also employed – *inter alia* – two other persons in the positions of "Director of Operations" in a facility or facilities in Texas with substantially equal job content, job description, responsibility, and common core of tasks as Plaintiff Patricia Sechi was hired to perform under similar working conditions.

19.     At the time Plaintiff was hired as a "Director of Operations" for Sanitas, "Sanitas" also employed Pete Casu (hereinafter "Casu"), a man – then approximately aged in his forties – as a "Director of Operations" in a Texas facility where he was compensated at the approximate rate of $122,000 per year to perform the same job, with substantially equal job content, job description, responsibility, and common core of tasks as the Plaintiff was hired to perform under similar working conditions.

20.     At the time Plaintiff was hired as a "Director of Operations" for Sanitas, "Sanitas" also employed Brittany Daulton (hereinafter "Daulton"), a woman – then aged approximately in her thirties – as a "Director of Operations" in a Texas facility where she was compensated at the approximate rate of $115,000 per year to perform the same job, with substantially equal job content, job description, responsibility, and common core of tasks as the Plaintiff was hired to perform under similar working conditions.

21. In approximately June of 2021, Plaintiff Sechi learned about the pay disparity between her and other "Directors of Operations" and complained to the "Sanitas" Director of Human Resources ("Gerardo Henriquez") in Miami, Florida, and to the local HR person in Nashville, Rachel Alonso, that she was being paid less than other similarly employed "Directors of Operations", including "Casu" and "Daulton".

22. After she complained to Human Resources Director Henriquez, and local HR person Alonso, "Sanitas" raised Plaintiff's salary going forward to the same $115,000 per annum rate paid to "Daulton", a woman in her thirties, but did not raise her salary to the higher rate paid to "Casu", a male "Director of Operations".

23. At the time that "Sanitas" raised Plaintiff's salary to match the salary of "Daulton", a woman, the pay raise was not made effective retroactively. "Sanitas" has not provided back pay for any period of time when Plaintiff was underpaid as a "Director of Operations".

24. **Plaintiff's Tenure as Director of Business Development**. Shortly after "Sanitas" raised Plaintiff's salary for her work as "Director of Operations", "Sanitas" reassigned Plaintiff to a new position effective October 18, 2021. The new position to which Plaintiff was assigned was "Director of Business Development".

25. Plaintiff served in this position from October 18, 2021 through the conclusion of her employment with Sanitas on March 7, 2022.

26. At the time Plaintiff was reassigned to the position of "Director of Business Development", there was one other person also employed by "Sanitas" as a "Director of Business Development": Peter Santo-Stefano (hereinafter "Santo-Stefano").

27. As "Directors of Business Development", Santo-Stefano and the Plaintiff were responsible for, charged with, and actually performed the same job with substantially equal job

5

content, job description, responsibility, and common core of tasks as the Plaintiff was hired to perform under similar working conditions.

28. During the period of her employment as a "Director of Business Development" (from October 18, 2021 through March 7, 2022), Plaintiff was compensated at a salary of $115,000.00 per year.

29. During the same period (from October 18, 2021 through March 7, 2022), Santo-Stefano was compensated at a salary of $250,000.00 per year as a "Director of Business Development".

30. Due to "Sanitas'" unequal treatment of the Plaintiff on the basis of her gender, she has suffered damages.

– COUNT I –
EQUAL PAY ACT
(The Fair Labor Standards Act of 1938, as
amended by the Equal Pay Act, 29 U.S.C. §§ 206(d), *et seq.*)

Paragraphs 1 through 30 are fully incorporated herein by reference.

31. Throughout Plaintiff's entire period of employment beginning December 7, 2020 through March 7, 2022, Defendants "Sanitas" violated the Equal Pay Act, Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Plaintiff's wages at a rate less than the rate it paid male employees likewise responsible for, charged with, and performing substantially the same job, with substantially equal job content, job description, responsibility, and common core of tasks as the Plaintiff was hired to perform under similar working conditions.

32. Defendants "Sanitas" violated the Equal Pay Act because they paid different wages to employees of the opposite sex, including the Plaintiff, for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

33. At various times during the course of her employment, Plaintiff performed work equal in skill, effort, and responsibility to the work of certain male employees who were paid higher compensation, including "Santo-Stefano" and "Casu".

34. As a result of the acts complained of above, Defendants "Sanitas" have unlawfully withheld payment of equal wages due to Plaintiff.

35. The unlawful practices complained of above were done by "Sanitas" willfully.

36. Due to Defendants "Sanitas'" violation of the Equal Pay Act, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

37. Plaintiff respectfully requests that this Court grant the following relief under the Equal Pay Act:

    A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from participating in or permitting discriminatory compensation based on sex;

    B. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns and all persons in active concert or participation with them, from paying wages to employees of one sex at rates less than the rates at which they pay employees of the opposite sex for substantially equal work, considering the skills, effort, and responsibilities of the jobs, under similar working conditions;

    C. Order Defendants to institute and carry out policies, practices, and programs which provide equal pay for female employees and which eradicate the effects of its past and present unlawful pay practices;

    D. Order Defendants to pay Plaintiff appropriate unpaid wages, in amounts to be determined at trial, and an equal sum of liquidated damages, and prejudgment interest

to Plaintiff, including compensation withheld in violation of the Equal Pay Act and liquidated damages for the willful violation of the Equal Pay Act. 29 U.S.C. §§ 206(d)(3), 29 U.S.C. §§ 216, 217, 29 U.S.C. § 255;

      E.      Order Defendants pay Plaintiff's unpaid wages, all awardable wages, including back pay, at the level of male employees performing work equal in skill, effort, and responsibility to Plaintiff's work. 29 U.S.C. §§ 206(d)(3), 216, 217;

      F.      Order Defendants to pay Plaintiff her attorneys' fees and costs of this action;

      G.      Grant such further legal and equitable relief as the Court deems necessary and proper in the public interest and to effectuate the remedial purposes of the Act

## JURY TRIAL DEMAND

Plaintiff Patricia Sechi-Capote requests a jury trial on all questions of fact raised by her complaint.

Dated: May 12, 2022

Respectfully submitted,

**Anthony F. Sanchez, P.A.**
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
     Anthony F. Sanchez
     Florida Bar No. 789925