UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 22-21479-CIV-COOKE/DAMIAN

(U.S. Magistrate Judge Melissa Damian by Order of Reference entered 5/16/22)

| | |
|---|---|
| **Patricia Sechi-Capote**, individually, and on behalf of others similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>**Sanitas USA, Inc.**, a for profit Florida corporation, and<br>**Guidewell-Sanitas I, LLC**, a Florida limited liability company,<br>**BCBST-Sanitas I, LLC**, a Tennessee limited liability company,<br><br>　　Defendants. | CLASS REPRESENTATION |

**JOINT MOTION FOR APPROVAL OF THE PARTIES'
CONFIDENTIAL SETTLEMENT AGREEMENT AND DISMISSAL
WITH PREJUDICE BASED UPON *IN-CAMERA* INSPECTION**

　　Plaintiff, Patricia Sechi-Capote, and Defendants, Sanitas USA, Inc.; Guidewell-Sanitas I, LLC; and BCBST-Sanitas I, LLC, jointly file the instant Motion for Approval of the Parties' Confidential Settlement Agreement and Dismissal with Prejudice Based Upon *in-Camera* Inspection, and state as follows:

　　1.　　This is an action filed for relief under the Equal Pay Act ("EPA"), Title VII of the Civil Rights Act ("Title VII"), the Florida Civil Rights Act ("FCRA"), the Age Discrimination in Employment Act ("ADEA"), and the Fair Labor Standards Act ("FLSA"). Defendants deny Plaintiff's allegations and dispute the validity of her claims.

　　2.　　The Parties negotiated a resolution of the matter after exchanging discovery requests, conducting deposition, attending a settlement conference, and attending mediation. The Parties exchanged relevant documentary evidence, including pay and time records, and calculations and additional data and materials relative to all claims and defenses.

3. Importantly, throughout the entirety of the resolution process, the parties were represented by respective counsel with experience in this area of law.

4. The Parties have entered into a settlement agreement resolving all claims and have signed a Confidential Settlement Agreement and General Release ("Settlement Agreement") that memorializes the monetary and non-monetary terms and conditions of the settlement.

5. The Parties have agreed to settle all of the claims in this dispute, and have executed the Settlement Agreement. The Parties agree that the settlement terms reached represent a fair and equitable resolution of their disputes. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum for the claims she has asserted in the instant action. The settlement payments that will be made to Plaintiff include an agreed upon sum for unpaid wages, plus an equal amount for liquidated damages.

6. The settlement amount payable to Plaintiff was negotiated first and separately from the settlement amount to be paid for attorneys' fees and costs. The Parties resolved the claim for statutory fees and costs.

7. Because Plaintiff's lawsuit includes a claim for unpaid wages under the EPA, which deems any amounts withheld by an employer in violation of the EPA to be unpaid wages under § 206, the settlement is subject to judicial scrutiny to determine whether the settlement represents a fair compromise of the FLSA unpaid wage claims. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). This is because "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute in and thwart the legislative policies it was designed to effectuate." *Lynn's Food Stores,* 679 F.2d at 1352, quoting *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437 (1981). Thus, when litigants propose a compromise of FLSA wage claims, they must present their proposed "compromise to the district court, which 'may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Dees v. Hydradry, Inc.*, 706 F.Supp 2d 1227 1235 (M.D. Fla. 2010) quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

8. The Parties negotiated a settlement through counsel that is satisfactory to all Parties. *See Lacroix v. JP Deluxe Auto Services, LLC*, 2016 WL 1095773, at *2 (S.D. Fla. Nov. 21, 2016) (approving compromised FLSA Claim where both parties were represented by

counsel and bona fide disputes existed regarding the Plaintiff's FLSA claim); *see also Padilla v. KB International Trading Corp.*, 2017 WL 8075327, at *1 (S.D. Fla. Nov. 15, 2017) (holding that private resolution of FLSA suits under the supervision of the district court "are intended principally to resolve controvers[ies] over any FLSA terms actually in dispute.") *Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (same).

9. The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential. To that end, the Parties respectfully request approval to present the Settlement Agreement to the Court, in their written and executed form, for an *in-camera* review, in order to protect the confidential nature of the agreement. By allowing an *in-camera* review, the Court can consider the agreements and still protect the confidentiality that the parties bargained for. Alternatively, the Parties can proceed in any other manner the Court allows that protects the confidential nature of the Settlement Agreements.

WHEREFORE, the Parties jointly request that the Court review the Parties' Settlement Agreement *in-camera*, enter an Order approving the settlement agreements and dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement, *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Dated: January 16, 2023

Respectfully submitted,

| | |
|---|---|
| By: /s/ Anthony F. Sanchez<br>Anthony F. Sanchez, Esq.<br>Florida Bar No.: 789925<br>afs@laborlawfla.com<br>faz@laborlawfla.com<br>ANTHONY F. SANCHEZ, P.A.<br>6701 Sunset Drive, Suite 101<br>Miami, Florida 33143<br>Tel:   305-665-9211 | By: /s/ Jonathan Beckerman<br>Jonathan Beckerman, Esq.<br>Florida Bar No.: 568252<br>Jonathan.Beckerman@lewisbrisbois.com<br>Alexander T. Harne, Esq.<br>Florida Bar No.: 126932<br>Alexander.Harne@lewisbrisbois.com<br>Joelle C. Sharman, Esq.<br>Florida Bar No.: 45070<br>Joelle.Sharman@lewisbrisbois.com<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>110 SE 6th Street, Suite 2600<br>Ft. Lauderdale, Florida 33301<br>Tel: 954-728-1280<br>Fax: 954-728-1282 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on the parties listed in the Service List below in the manner indicated therein.

ANTHONY F. SANCHEZ, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925

## SERVICE LIST

| | |
|---|---|
| Anthony F. Sanchez, Esq. | Jonathan Beckerman, Esq. |
| Florida Bar No.: 789925 | Florida Bar No.: 568252 |
| afs@laborlawfla.com | Jonathan.Beckerman@lewisbrisbois.com |
| faz@laborlawfla.com | Alexander T. Harne, Esq. |
| *Counsel for Plaintiff* | Florida Bar No.: 126932 |
| ANTHONY F. SANCHEZ, P.A. | Alexander.Harne@lewisbrisbois.com |
| 6701 Sunset Drive, Suite 101 | Joelle C. Sharman, Esq. |
| Miami, Florida 33143 | Florida Bar No.: 45070 |
| Tel:   305-665-9211 | Joelle.Sharman@lewisbrisbois.com |
| | *Counsel for Defendants* |
| | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | 110 SE 6th Street, Suite 2600 |
| | Ft. Lauderdale, Florida 33301 |
| | Tel: 954-728-1280 |
| | Fax: 954-728-1282 |
| | *Via Notice of Electronic Filing* |