UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21479-DAMIAN

PATRICIA SECHI-CAPOTE, individually,
and on behalf of others similarly situated,

      Plaintiff,

v.

SANITAS USA, INC., a Florida for profit
corporation, GUIDEWELL-SANITAS I, LLC,
a Florida limited liability company, and
BCBST-SANITAS I, LLC, a Tennessee limited
liability company,

      Defendants.
_____/

**ORDER ON THE PARTIES' JOINT MOTION FOR APPROVAL OF
THE PARTIES' CONFIDENTIAL SETTLEMENT AND DISMISSAL WITH
PREJUDICE BASED UPON *IN-CAMERA* INSPECTION [ECF NO. 117]**

THIS CAUSE is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, filed January 16, 2023 [ECF No. 117] (the "Motion"). This matter is before the undersigned pursuant to the parties' Election to Jurisdiction by a United States Magistrate Judge, in which the parties jointly and voluntarily elected to have the undersigned conduct all further proceedings in this case. [ECF No. 120]. *See* 28 U.S.C. § 636(c)(1).

The Court has considered the Motion, the proposed Settlement Agreement, which was submitted to the undersigned for *in-camera* inspection, the pertinent portions of the record, and the relevant legal authorities. The Court also heard from the parties, who appeared, through counsel, before the Court on January 25, 2023, and is otherwise fully

advised in the premises. For the reasons set forth below, the Motion is granted, and the Settlement Agreement is approved.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2022, Plaintiff filed a one-count Complaint against Defendants alleging violations of the Equal Pay Act ("EPA") provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for payment of lower wages based on gender. *See* ECF No. 1 ("Complaint"). In the Complaint, Plaintiff alleged she was paid lower wages than male counterparts performing the same or comparable duties. *Id*. Plaintiff filed an Amended Complaint on July 12, 2022 [ECF No. 23] and a Second Amended Complaint on November 14, 2022. [ECF No. 97 ("SAC")].

In the SAC, Plaintiff asserted nine causes of action: Count I, violation of the EPA; Count II, retaliation in violation of the FLSA; Count III, gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*) ("Title VII"); Count IV, gender discrimination in violation of the Florida Civil Rights Act (Fla. Stat. §§ 760.01, *et seq.*) ("FCRA"); Count V, retaliation in violation of Title VII; Count VI, retaliation in violation of the FCRA; Count VII, age discrimination in violation of the Age Discrimination in Employment Act (29 U.S.C. §§ 621–634) ("ADEA"); Count VIII, age discrimination in violation of the FCRA; and Count IX, retaliation in violation of the ADEA. *Id*.

On June 3, 2022, Plaintiff filed a Statement of Claim. [ECF No. 6 ("Statement of Claim")]. In the Statement of Claim, Plaintiff alleges she was underpaid wages of approximately $73,005.33 and that she is entitled to an equal amount of liquidated damages, plus attorneys' fees and costs. *Id.*

On January 16, 2023, the parties submitted the Motion now before the Court seeking approval of their proposed settlement agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice. Mot. at 3.

In the Motion, the parties indicate they reached a settlement as to all claims in this matter. Defendants deny any liability and deny that they owe Plaintiff any additional compensation. Mot. at ¶¶ 1–2. Because the settled claims include claims under the FLSA, the settlement is subject to review for fairness.

## II.   APPLICABLE LEGAL STANDARDS

The Equal Pay Act of 1963, amending the Fair Labor Standards Act, protects against wage discrimination based on sex. The Act also protects employees from retaliation in connection with claims under the EPA. An employer who violates the FLSA is liable to its employee for any unpaid wages, as well as an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there are two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. § 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, the "FLSA requires judicial review of the

reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. DISCUSSION

With the foregoing in mind, the Court conducted an *in-camera* review of the parties' proposed Confidential Settlement Agreement and General Release ("Agreement") and has scrutinized its terms for fairness.

#### a. *The Settlement Amount*

The Court has considered the settlement amount. Both parties are represented by counsel and agree the negotiated terms of the Agreement are fair and equitable considering the strengths and weaknesses of the parties' respective positions. Mot. at ¶¶ 3, 5.

The Court has scrutinized the terms of the Agreement and considered the above referenced factors. Based on the parties' representations and their expressed concerns regarding the alleged claims in the lawsuit, the Court finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Plaintiff has not unfairly compromised her FLSA claims. The Court also finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

Having found the settlement amount is fair and reasonable, the Court addresses the specific terms of the Agreement.

#### b. *Attorneys' Fees*

In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As part of the Agreement,

5

separate and apart from the amount paid to Plaintiff, Defendants have agreed to payment of Plaintiff's counsel's attorney's fees and costs. The Motion states that this amount was negotiated separately from the amount paid to Plaintiff for her FLSA claims, such that Plaintiff agreed the settlement amount was fair separate and apart from consideration of the fees and costs paid to her counsel. Mot. at ¶ 6.

Based on the parties' representation that Plaintiff's attorney's fees was agreed upon separately and without regard to the settlement amount paid to Plaintiff, and finding the Agreement is otherwise reasonable on its face, the Court finds Plaintiff's recovery was not adversely affected by the amount of fees paid to her attorney. Therefore, the Court may approve the Agreement without separately considering the reasonableness of the fees to be paid to Plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Even so, the Court finds the fees to be paid to Plaintiff's counsel are reasonable under the circumstances presented. The Court may rely on its own experience in determining reasonableness of fees and does so here. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

Accordingly, the Court finds the fees to be paid to Plaintiff's counsel pursuant to the Agreement are reasonable and have not adversely affected the amounts paid to Plaintiff under the Agreement.

### c. *General Mutual Release*

The Agreement also provides for mutual general releases of all claims the parties may have against each other. General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and, therefore, such releases "confer an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352; *see also Bradford v. Ancient City Grp. LLC*, No. 21-513, 2022 WL 549589, at *3 n.2 (M.D. Fla. Feb. 15, 2022) ("Some judges will not approve an agreement to settle a FLSA claim that includes a general release because, without an indication of the value of the released claims, the fairness and reasonableness of the compromise cannot be determined."); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (Cannon, J.) (denying without prejudice joint motion to approve FLSA settlement where "the Agreement contains unbounded and pervasive release provisions" requiring the plaintiff to "release many known and unknown legal claims that have nothing apparent to do with the current FLSA dispute"). Nevertheless, "if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible." *Herrera v. FS Invs. of America, Inc.*, No. 20-2465, 2021 WL 1602120, at *2 (M.D. Fla. Apr. 8, 2021).

The Court has reviewed the terms of the mutual general releases, and addressed the general releases with the parties, through counsel, during the Fairness Hearing. Based on

the review of the terms of the releases and the parties' representations to the Court, the Court finds that the general releases do not undermine the fairness of the Agreement.

### d. *No Further Employment Provision*

The Agreement also contains a "No Further Employment" provision in which Plaintiff waives her right to obtain or resume employment with Defendants. The Motion does not address this provision nor whether additional consideration was provided to Plaintiff for it.

As the Middle District has specified, "an agreement not to employ a plaintiff in the future plainly injures the plaintiff, and when the parties' briefing does not address the issue of additional consideration, courts cannot determine whether the inclusion of such provision in a settlement agreement represents a fair and reasonable resolution of the parties' FLSA dispute." *Duffey v. Surfside Coffee Co.*, No. 20-cv-501, 2022 WL 766904, at *4 (M.D. Fla. Jan. 1, 2022) (citation and internal quotation marks omitted). Such provisions, nonetheless, may be approved where supported by sufficient additional consideration. *Id.* Moreover, "[n]o reemployment clauses are different from general releases, in that the plaintiffs, as former employees of the defendants, know exactly what they are relinquishing when they agree not to seek future employment with the defendants." *Holmes v. Swissport Fueling, Inc.*, No. 16-cv-669, 2019 WL 1370542, at *6 (M.D. Fla. Mar. 11, 2019) (citation omitted); *see also Cruz v. Winter Garden Realty, LLC*, No. 12-cv-1098, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) ("Likewise, where a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair.").

Here, as with the general release, the Agreement does not explicitly identify separate consideration for Plaintiff's waiver of future employment with Defendants. However, during the Fairness Hearing, the Court addressed this provision with counsel, both of whom agreed the provision enabled the parties to reach swifter resolution. Moreover, Plaintiff's counsel asserted that Plaintiff fully understands the provision and its implications and has no interest in seeking future employment with Defendants. Accordingly, the Court finds the inclusion of a waiver of future employment provision, despite the lack of additional consideration, does not undermine the fairness of the Agreement under the circumstances presented.

### e. Confidentiality Provision

The Agreement contains a confidentiality provision. Confidentiality provisions in FLSA settlement agreements are often rejected by district courts because courts consider them to "thwart Congress's intent to ensure widespread compliance with the FLSA." *Herrera*, 2021 WL 1602120, at *2 (citing cases). Moreover, "[j]udicial records are presumed to be public documents because '[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Smith v. Target Corp.*, No. 21-80307-CIV, 2021 WL 5366876, at *1 (S.D. Fla. Nov. 18, 2021) (Matthewman, J.) (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Therefore, a confidentiality provision in an FLSA settlement agreement "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA right." *Mingo v. Ironclad Projects, LLC*, No. 19-CIV-62202, 2021 WL 8894997 at *4 (S.D. Fla. Mar. 1, 2021) (Ruiz, J.) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).

At the Fairness Hearing, the Court heard from counsel regarding the confidentiality of the Settlement Agreement. Although no separate consideration was given to Plaintiff for this provision, the parties agree that the confidentiality provision is fair and reasonable. Further, Plaintiff's counsel confirmed that Plaintiff fully understands the confidentiality requirements. Accordingly, under the circumstances presented here, the Court finds that the confidentiality provision does not undermine the fairness of the Agreement.

### f. *Non-Disparagement Provision*

The Agreement contains a non-disparagement provision. Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them. *Dees*, 706 F. Supp. 2d at 1242–43; *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003); *Hanson v. Wells Fargo Bank, N.A.*, No. 08–80182–Civ, 2009 WL 1490582 (Ryskamp, J.) (S.D. Fla. May 26, 2009). However, courts have approved FLSA settlements in which the employee received additional consideration in exchange for non-cash concessions that went beyond the release of the FLSA claims. *See DeGraff v. SMA Behavioral Health Servs., Inc.*, 945 F. Supp. 2d 1324, 1329–30 (M.D. Fla. 2013); *Caamal v. Shelter Mortg. Co.*, No. 6:13–cv–706, 2013 WL 5421955, *4 (M.D. Fla. Sept. 26, 2013).

The Court finds that the inclusion of the non-disparagement provision does not undermine the fairness of the Agreement under the circumstances presented.

### g. *Retention of Jurisdiction*

Finally, the parties request the Court reserve jurisdiction for thirty days to enforce the terms of the Agreement. "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). During the hearing, the parties clarified that the

request for the Court to retain jurisdiction is based on the deadline for payment of the settlement amount. The Court finds the request to reserve jurisdiction to enforce the terms of the Agreement pending payment of the settlement amount is reasonable.

## IV.     FINDINGS

The Court has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth above, the Court finds that the settlement represents a genuine compromise of a bona fide dispute. Defendants, who deny liability, have agreed to pay Plaintiff more than they believe Plaintiff is due under the law. The parties have agreed to settle because of reasonable strategic and financial considerations.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Plaintiff's counsel's fees and costs is also reasonable.

## V.     CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Approval of the Parties' Confidential Settlement Agreement and Dismissal with Prejudice [ECF No. 117] is **GRANTED** and the Settlement Agreement is **APPROVED** as fair and reasonable. It is further

**ORDERED AND ADJUDGED** that the Clerk shall **CLOSE** this case and all pending motions, if any, are **DENIED AS MOOT.** It is further

**ORDERED AND ADJUDGED** that the Court retains jurisdiction for thirty (30) days to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of January 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record